| | |
|---|---|
| SIDNI ALFRED MOORE,<br><br>          Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, et al.,<br><br>          Defendants. | Case No.: 1:18-cv-00708-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. No. 1.) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

      Plaintiff Sidni Alfred Moore is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's complaint, filed on May 24, 2018. (Compl., Doc. No. 1.) Plaintiff brings a claim against Corizon Health and Qmar Rias, a provider he saw on January 1, 2018 for a follow up regarding his broken hand. Plaintiff alleges that his cast was not to be removed, but Rias removed the cast to examine him, and that he was not provided proper follow-up care. Plaintiff alleges that this conduct caused his fingers to fail to properly heal.

1

Regarding his administrative remedies, Plaintiff asserts that administrative remedies were available at the jail, and that he submitted a request for relief. However, he indicates that he did not appeal his request for relief to the highest level. In explanation, he states, "I did but I didn't it was more so I could receive my surgery on one and the other I didn't state a relief." (Compl. 3, 4) (errors in original).

Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, No. 2:14-cv-0590-DAD P, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

Here, based on Plaintiff's allegations, it appears he has not fully exhausted available administrative remedies prior to suing. He suggests that he did not file any appeal at all for the conduct alleged in this matter, and he states that whatever appeal he did file was not appealed to the highest level. Thus, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

| | |
|---|---|
| 1 | Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21)** days from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. |

IT IS SO ORDERED.

Dated: **August 14, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE