UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNI ALFRED MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>CORIZON HEALTH, et al.,<br><br>        Defendants. | Case No.: 1:18-cv-00708-BAM (PC)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A FRESNO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL, WITHOUT PREJUDICE, FOR THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. Nos. 1, 10, 11)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.    Introduction**

Plaintiff Sidni Alfred Moore is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this lawsuit by a complaint filed on May 24, 2018. (Compl., Doc. No. 1.) He alleges that the incidents at issue took place while he was held at Fresno County Jail, where he is currently a prisoner. (*Id.* at 1.) Plaintiff brings a claim against Corizon Health and Qmar Rias, a provider he saw on January 1, 2018 for a follow up regarding his broken hand. Plaintiff alleges that his cast was not to be removed, but Rias removed the cast to examine him, which caused his fingers to fail to properly heal. Further, he was not provided appropriate follow-up care, including medication and physical therapy, until he wrote inmate grievances.

1

Regarding his administrative remedies, Plaintiff asserted in the complaint that administrative remedies were available at the jail, and that he submitted requests for relief. However, he indicates that he did not appeal his requests for relief to the highest level. In explanation, he states, "I did but I didn't it was more so I could receive my surgery on one and the other I didn't state a relief." (Compl. 3, 4) (errors in original).

Based on the foregoing, on August 14, 2018, the Court issued an order to show cause why this action should not be dismissed for the failure to exhaust available administrative remedies prior to filing suit. (Doc. No. 10.) Plaintiff was ordered to respond within twenty-one (21) days. (*Id*. at 3.) Plaintiff filed a timely response on September 5, 2018. (Doc. No. 11.)

## II. Discussion

### A. Legal Standard

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a) (2008); *see Porter*, 534 U.S. at 524 ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). Exhaustion must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. *Id*. at 90.

### B. Analysis

As discussed above, in this case Plaintiff admits on the face of his complaint that the Fresno County Jail, where he was held when the events at issue occurred and when this action was brought, had an administrative grievance process available. However, Plaintiff did not

submit an appeal to the highest level, and therefore did not fully exhaust his remedies for the claims he seeks to pursue in this case. (Compl. 3, 4.)

In his show cause response, Plaintiff states as follows:

> I did not Appeal to the Highest Level because I do not believe you can ask for Money Damages on a Grievance. I did ask for surgery because I was told I wasn't getting surgery after I was told I was. And by the time I got my surgery, which was over three months after the incident, I got a response after it was done and was told it was handled. But this only happened after I had started to push paperwork. Also, I would have never needed to go to surgery if my cast was never tookin off. Also you cannot Grieve Medication which was also one of my issues. Enclosed is my two grievances concerning my compliant.

(Doc. No. 11, at 1) (errors in original). Plaintiff also attaches three Fresno County Sherriff's Office Inmate Grievance forms. The first form, dated January 16, 2018, states that on or about January 3, 2018, an unknown doctor took the splint off Plaintiff's finger. It further states that on January 8, 2018, Plaintiff went to the hospital and was told that his hand had not healed properly, his cast should not have been taken off, and now he is going for surgery. He also states that various medications were stopped, and that he is requesting all his medications. (*Id*. at 4.)

The second form, which is undated, states that Plaintiff should have been receiving medications from January 18th through 31st, but was denied his medications twice. (*Id*. at 2.) The third form, dated February 12, 2018, complains that Plaintiff's surgery was overdue and that he was not called for a recent doctor's appointment. (*Id*. at 3.) All the forms have indications that they were received and processed by jail officials.[1]

Considering the foregoing, Plaintiff has submitted grievances related to the allegations of his complaint. Nevertheless, he has pleaded on the face of it, and confirmed in his show cause response, that he did not pursue his grievances through all levels of the administrative process. In explanation, Plaintiff asserts that he did not do so because he did not believe that he could receive his preferred remedies; namely, money damages and medications.

---

[1] The Court may consider Plaintiff's grievance forms in evaluating his ability to state a claim, drawing all reasonable inferences in his favor. *See Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018) (courts may take notice at the pleading stage of documents incorporated into the complaint by reference).

3

This issue has been addressed by the United States Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). In *Booth*, the Supreme Court considered the question of whether an inmate who is only seeking money damages must complete a prison administrative process that could not provide money. *Id*. at 733-34. Plaintiff Timothy Booth claimed that correctional officers had assaulted him and denied him medical attention for his injuries, and sought monetary damages. *Id*. Although the correctional department provided an administrative grievances system, it could provide no money to Booth. *Id*. The Supreme Court held that exhaustion was still required under the PLRA. *Id*. at 741.

The purposes of the PLRA are to allow a correctional institution to address complaints about the programs administered before being subjected to suit, to reduce the litigation to the extent that complaints are satisfactorily resolved, and to improve the litigation that does occur by leading to preparation of a useful record. *Jones v. Bock*, 549 U.S. 199, 219 (2007); *Ngo*, 548 U.S. at 89. In *Booth*, the Supreme Court discussed that even in cases where a prisoner-plaintiff only seeks relief which an administrative process cannot grant, sometimes being heard through the administrative process can bring about changes to policies and practices, or "mollify passions even when nothing ends up in the pocket," filtering out some claims and fostering better-prepared litigation if a dispute ends up in court. *Id*. at 737.

Exhaustion prior to commencement of the action is an indispensable requirement. *McKinney v. Carey*. 311 F.3d 1198, 1199 (9th Cir. 2002). Therefore, Plaintiff must have properly exhausted the claims that are proceeding in this action prior to filing suit to comply with the PLRA. *Jones*, 549 at 224; *Ngo*, 458 at 93.

As Plaintiff has affirmatively pleaded that he did not appeal his grievances through the highest levels of the administrative process, it is evident from the face of the complaint that he has failed to exhaust administrative remedies prior to filing suit. In these circumstances, the proper remedy is dismissal without prejudice. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *Lira v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005); *McKinney*, 311 F.3d at 1200–01.

///

**III.    Conclusion**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, for the reasons stated above, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for the failure to exhaust available administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **September 14, 2018**             /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE